[No. 19011.   Department Two.   April 28, 1925.]

GEORGE W. JOHNSON, *Respondent*, v. JOSEPH HARKINS
*et al., Appellants.*[1]

BROKERS (21)—COMPENSATION—FAILURE TO COMPLETE CONTRACT—
DEFECT IN PRINCIPAL'S TITLE.  Where a contract for the sale of land
became void because of the inability of the seller to make a good
title within ninety days, under the terms of an earnest money re-
ceipt, there was no sale and the brokers cannot retain the earnest
money as an earned commission.

Appeal from a judgment of the superior court for
King county, Reynolds, J., entered June 13, 1924, upon
findings in favor of the plaintiff, in an action for money
had and received, tried to the court.   Affirmed.

*Glenn C. Beechler, Arthur C. Bannon,* and *C. B.
Andrews,* for appellants.

*Thomas Byron MacMahon,* for respondent.

MITCHELL, J.—Joseph Harkins, a real estate agent
in Seattle, in talking with George W. Johnson of that
city, learned that he would sell his home place for
$20,000.   He found a purchaser, Mary Molloy, who was
willing to buy the property at the price stated, upon
terms.   From her Harkins received $500 and gave an
earnest money receipt for that amount.   The earnest
money receipt which was signed by Joseph Harkins,
agent, described the property, set out the amounts and
due dates of different payments and, among other
things, provided as follows:

"It is agreed that if the title to the said premises is
not good, or cannot be made good within 90 days, or if
the owner does not approve the above sale, this agree-
ment is void, and the earnest money herein receipted
for shall be refunded.   But if the title to the said prem-

[1]Reported in 235 Pac. 11.

ises is good, and the above sale is approved by the owner, and the purchaser neglects or refuses to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited to the undersigned agent, to the extent of their agreed upon commissions, and the residue to the owner of said premises."

Johnson was a widower with three children. The property was the community property of himself and wife at the time of her death. There had been no administration of her estate. It appears that he was ignorant of the necessity for an administration of the estate and of the fact that he could not convey title to the property. The purchaser exercising her right under the terms of the earnest money receipt, upon ascertaining that she could not get title to the property, demanded return of the $500. She sued Johnson to recover it, obtained judgment against him and collected the judgment. Thereupon Johnson brought the present action against Harkins and wife who had retained the $500, to recover it as money had and received belonging to Johnson. Defendants answered admitting they had the money but claimed it as a commission for making a sale of the real estate. Upon trial of the case without a jury, findings, conclusions and judgment were entered for the plaintiff. The defendants have appealed.

The judgment must be affirmed upon the terms of the earnest money receipt. It says, "If the title to the said premises is not good or cannot be made good within 90 days . . . this agreement is void." The title was not good in Johnson, nor does it appear that he could make it good in the time limited by the contract. The contract, therefore, became void and, of course, no sale had been made and hence no commission earned. Mary Molloy was entitled to the return of the money. The receipt says that upon the contract be-

coming void because of title not being good, that "the earnest money herein receipted for shall be refunded." Harkins as agent held the money, and it was his duty to have returned it. Not having done so, Mary Molloy had the right to recover it from the agent's principal, who in turn has the right to recover from the agent.

The latter part of that portion of the earnest money receipt hereinbefore quoted strengthens the claim of the respondent. It says:

"But if the title to the said premises is good, and the above sale is approved by the owner, and the purchaser neglects or refuses to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited to the undersigned agent, to the extent of their agreed upon commissions, and the residue to the owner of said premises."

There could be no forfeiture of the earnest money or any part of it to the agent to the extent of commissions agreed upon except upon the concurrence of the three things mentioned; and while the attempted sale was approved by the so-called owner, it was found that his title to the premises was not good and the purchaser did not neglect or refuse to comply with any of the conditions of the sale. Under the terms of the agreement, the appellants were not entitled to any commission by way of forfeiture by the purchaser of the money she had paid, or otherwise.

Judgment affirmed.

TOLMAN, C. J., FULLERTON, and HOLCOMB, JJ., concur.